# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LAVONNE DRAPER | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LAVONNE DRAPER, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to American Honda Finance.

6. On information and belief, Defendant is a corporation of the State of Pennsylvania, which is licensed to do business in North Carolina and which has its principal place of business in Horsham, Pennsylvania.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about July 18, 2009 Plaintiff received a text message alert from a credit monitoring service to which she subscribes, which indicated that Defendant had placed an entry on Plaintiff's credit report. Said entry reflected a balance due of $5,893 and listed the "original creditor" as American Honda Finance Corp.

8. At one point, Plaintiff was indebted to American Honda Finance Corp. for the deficiency balance on the lease of a vehicle which was voluntarily surrendered to the lessor. However, Plaintiff settled that debt in full by making payments to another debt collector, Creditors Interchange. The final payment pursuant to that settlement was made in approximately November of 2003.

9. On the same day Plaintiff received notification that Defendant had placed the derogatory information on her credit record, Plaintiff called Defendant to find out why Defendant had reported a debt on her credit record which had already been paid off. Neither of

the two representatives of Defendant with whom Plaintiff spoke were able to give her any more information or any reasons why Defendant had reported the alleged debt.

10. Shortly after Plaintiff discovered the credit reporting, she checked her TransUnion credit report to see if it contained any information on the matter. In doing so, Plaintiff discovered that the alleged debt – which had been settled and paid several years ago – was also reported by Defendant to TransUnion as still due and owing.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Communicating credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

    c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e; and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff has further suffered actual damages in the form of financial and dignitary harm arising from the injury to her credit rating and reputation, as well as an invasion of Plaintiff's privacy. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future.

WHEREFORE, Plaintiff, LAVONNE DRAPER, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers Statute)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts From Consumers Statute in one or more of the following ways:

    a.    Making or threatening to make false accusations to another person, including any credit reporting agency, that a consumer has not paid, or has willfully refused to pay a just debt; in violation of N.C. Gen. Stat. § 58-70-95(3);

    b.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

Plaintiff has further suffered actual damages in the form of financial and dignitary harm arising from the injury to her credit rating and reputation, as well as an invasion of Plaintiff's privacy. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future.

WHEREFORE, Plaintiff, LAVONNE DRAPER, respectfully prays for judgment against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $4,000.00 for each violation of the above-cited North Carolina statutes;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com